# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE CHAPMAN, JR. and BRENDA J. GULLY CHAPMAN,

Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,

Defendants.

3:09-cv-00228-RCJ-VPC

**ORDER**

Currently before the Court are Defendants' Motion to Dismiss Complaint (#4) and Request for Judicial Notice in Support of Motion to Dismiss (#5) filed on May 6, 2009. Plaintiffs filed an Opposition to Motion to Dismiss (#13) on November 8, 2009, and Defendants filed a Reply (#14) on January 7, 2010.

Also before the Court is Plaintiffs' Motion to Remand Case to State District Court (#6) filed on May 11, 2009. Defendants filed an Opposition to Motion to Remand (#8) on May 29, 2009, and Plaintiffs filed a Reply (#9) on May 31, 2009.

The Court heard oral argument on the motions on January 8, 2010.

## BACKGROUND

This case involves a claim by Plaintiffs George Chapman and Brenda Chapman (collectively referred to herein as "Plaintiffs") that Defendants Deutsche Bank National Trust Company, National Default Servicing Corporation, and HomEq Servicing (collectively referred to herein as "Defendants") engaged in a wrongful and illegal foreclosure on Plaintiffs' property.

On March 30, 2009, Plaintiffs filed a complaint in the Second Judicial District Court of the State of Nevada in and for the County of Washoe ("Second Judicial District Court") against

Defendants based on the foreclosure of their home in Washoe Valley, Nevada. (Notice of Removal of Action Based on Diversity (#1) at 6). According to the allegations of the complaint, Plaintiffs "were attempting to modify a mortgage taken out to refinance their home in order to pay for Plaintiff George Chapman's cancer treatments" when Plaintiffs "fell behind" on their mortgage payments. Id. at 7-8. Plaintiffs allege that they were "constantly told that everything would be worked out" and that they would be able to "keep their home" by Defendant HomeEq Servicing. Id. However, Plaintiffs state that unbeknownst to them, "Defendants were in the process of foreclosing upon Plaintiffs' home while negotiating a loan modification." Id. at 8. Plaintiffs further allege that they were "never given notice of default; nor notice that foreclosure was scheduled; nor notice of the trustee's sale and no notice of the filing of a deed upon their property." Id.

In their complaint, Plaintiffs filed claims for injunctive relief, declaratory relief, and to quiet title. In their cause of action for injunctive and declaratory relief, Plaintiffs assert that the foreclosure on their home was illegal because they were "never given statutory notice of the default nor notice of the trustee's sale as required by law and by statutory provisions contained in the deeds of trust." Id. Plaintiffs assert that the "failure to adhere to the statutory notice provisions and the provisions in the deed of trust are substantial irregularities, illegal, and grounds to vacate the sale." Id. As such, Plaintiffs argue that they are entitled to declaratory and injunctive relief prohibiting the foreclosure of their home. In addition, Plaintiffs seek general damages, special damages and punitive damages.

Following the filing of the complaint, Defendants filed a timely Notice of Removal of Action Based on Diversity (#1). According to the notice of removal, "diversity of jurisdiction exists as conferred by 28 U.S.C. § 1332." Id. at 2. Specifically, Defendants argue that Plaintiffs, who are citizens of Nevada, are completely diverse from Defendants who are citizens of: Delaware, New York, Arizona, and California. In addition, Defendants assert that the amount in controversy exceeds $75,000. Id. at 3. After filing their notice of removal, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). A few days later, Plaintiffs filed a motion to remand. For the following reasons, the Court denies Plaintiffs' motion to

remand and grants Defendants' motion to dismiss.

## DISCUSSION

### I. Motion to Remand

Under 28 U.S.C. § 1441, "a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As such, in order for removal to be proper, there must either be federal-question jurisdiction or diversity of citizenship. Id.

Diversity jurisdiction is governed by 28 U.S.C. § 1332. According to that statute, the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. 1332(a). For purposes of section 1441 and section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In this matter, Plaintiffs allege in their complaint that they are citizens of the State of Nevada. (Notice of Removal of Action Based on Diversity (#1) at 3). The complaint does not specifically allege the citizenship of Defendants. Rather, it identifies each defendant corporation and states that they are registered with the Nevada Secretary of State.[1] In their notice of removal, Defendants provide public records from various secretaries of state to showing that none of the Defendants are citizens of Nevada. In this regard, HomEq is a Delaware corporation with a principal place of business in New York. Id. at 3. National is an Arizona corporation with its principal place of business in Phoenix, Arizona. Id.

---

[1] Specifically, the complaint alleges that: Deutsche Bank National Trust Company ("Deutsche") is a "a German national corporation, registered with the Nevada Secretary of State;" National Default Servicing Corporation ("National") is "an Arizona corporation, registered with the Nevada Secretary of State; and HomEq Servicing Corporation ("HomEq") is "a California corporation whose registration was withdrawn with the Nevada Secretary of State." Id.

3

Deutsche "is a national banking association . . . organized and existing in the State of New York with a principal place of business in California." Id. As such, the parties are diverse.

Despite the fact that diversity exists in this case, Plaintiffs filed a motion to remand the action to state court. In their motion to remand, Plaintiffs do not deny that there is diversity jurisdiction over this action. Rather, Plaintiffs argue that the Court should abstain from exercising its jurisdiction because one of the Defendants filed an unlawful detainer action against the Plaintiffs in Reno Justice Court, and because "Plaintiffs have requested equitable relief for real property - traditionally a state area of jurisdiction." (Motion to Remand (#6) at 3). Defendants contest these assertions and argue additionally that the case was properly removed to this Court based on diversity jurisdiction.

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas, 553 F.3d at 1244. "The removal statute is strictly construed and any doubt about the right of removal requires resolution in favor of remand." Id. "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)(quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)(alterations in original). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**A. Waiver**

Plaintiffs first argue that remand is proper because Defendants selected the state forum to litigate this action by filing an offensive action of unlawful detainer in the Reno Justice Court.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon

his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right to removal must be clear and unequivocal." Id. "In general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" Id. (quoting Beighley v. FDIC, 868 F.2d 776, 781 (5th Cir. 1989)).

In this matter, Defendants have not waived their right to remove this action based on the unlawful detainer proceeding filed in the Reno Justice Court. That action was a separate lawsuit filed by Deutsche against Plaintiffs three months before Plaintiffs filed their complaint in this action. (Motion to Remand (#6) at Exhibit 1). Although the two cases involve the same property, the unlawful detainer action was brought pursuant to the Nevada statutory provisions governing such proceedings under the jurisdiction of the justice court. This case, on the other hand, was filed in the Second Judicial District Court alleging claims of wrongful foreclosure. Defendants did not take any action in the case pending before the Second Judicial District Court before filing their notice of removal.[2] Because the two proceedings are distinct, Deutsche's filing of an unlawful detainer action in Justice Court does not waive the Defendants' ability to remove a later filed case to federal court when there is proper grounds for jurisdiction.

**B. Abstention**

Plaintiffs also argue that remand is necessary because of the in rem nature of this action. Specifically, Plaintiffs argue that "diversity cannot trump the state court's jurisdiction over local real property." (Reply (#9) at 3). According to Plaintiffs, it is "impossible for this Court to obtain jurisdiction over local real property via removal because Plaintiffs had to file in state court before any removal action." Id. at 4.

In this matter, Plaintiff has improperly characterized this action as an in rem

---

[2] The majority of cases that address substantial offensive or defensive actions in state court only contemplate actions taken by a defendant in the removed case. See Yuseffzzadeh v. Nelson, Mullens, Riley & Scarborough LLP, 365 F.3d 1244, 1246 (11th Cir. 2004); Oster v. Standard Life Ins. Co., 2009 WL 1260174 (N.D.Cal. 2009); Doijode v. Sears, Roebuck and Co., 2006 WL 149007 (N.D.Cal. 2006); Cogdell v. Wyeth, 366 F.3d 1245 (11th Cir. 2004).

proceeding. See 28 U.S.C. §2409(a); Leisnoi, Inc. v. U.S., 170 F.3d 1188, 1192 (9th Cir. 1999). An action in rem generally involves or determines the status of a piece of property. Here, although there is property involved, the focus of this action is breach of contract and wrongful foreclosure. The central issues do not relate to the property - but the loan on the property and alleged misstatements made during the loan modification process. As noted in the complaint, Plaintiffs allege that Defendants engaged in wrongful conduct because while Plaintiffs were attempting to modify their mortgage, Defendants "constantly" told them that everything would be worked out and that "new interest and rate payments" would allow Plaintiffs to keep their home. These allegations do not implicate the actual property, but, rather, allege contractual obligations that were breached when Defendants foreclosed.

Based on the foregoing, there is no merit to Plaintiffs' assertions that remand of this action is required by virtue of the state court's assumption of jurisdiction over the subject real property prior to removal.

Thus, the Court concludes that remand is not warranted and Plaintiffs' motion is denied.

II. **Motion to Dismiss**

Also before the Court is a motion to dismiss filed by the Defendants pursuant to Rule 12(b)(6) on the ground that Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**A. Legal Standard**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint must be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

However, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). Moreover, the facts included "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1964-65. "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action ." Id. at 1965.

Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the contents of the complaint," the court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into a motion for summary judgment. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

According to Defendants, the "boilerplate complaint concedes that Plaintiffs defaulted on their mortgage loan and that foreclosure was completed." (Motion to Dismiss (#4) at 2). According to Defendants, "Plaintiffs do not make any allegations that they have been making the required payments on their loan, or that they have cured their default." Id. at 10. Defendants also assert that contrary to Plaintiffs' claims, Plaintiffs received all statutory notice of default and trustee's sale as required by Nevada law.[3] In addition, Defendants state that any allegation by Plaintiff that they had orally agreed to a loan modification is not enforceable to prevent the foreclosure because "a loan modification must be in writing under the Statute of Frauds." Id.

In response, Plaintiffs again assert that they were never given the proper foreclosure notices under Nevada law. (Opposition to Motion to Dismiss (#13) at 2).

---

[3] Defendants attached copies of the notices sent to Plaintiff in their Request for Judicial Notice in Support of Motion to Dismiss (#5).

7

According to Plaintiffs, their "complaint adequately pleads that the foreclosure was legally inadequate," and that proper NRS foreclosure procedure was not followed. Id. at 3.

### B. Request for Judicial Notice and Authentication of Exhibits

In addition to disputing the substantive arguments in Defendants' motion to dismiss, Plaintiffs argue that the Court should not take judicial notice of the documents attached to Defendants' motion to dismiss. "Defendants base their entire Motion upon their corresponding Request for Judicial Notice containing about 50 pages of hearsay photocopies of photocopies that appear to be some loan and title documents." Id. Plaintiffs assert that "none of the photocopies of photocopies meet the requirements for judicial notice." Id. Moreover, Plaintiffs argue that these documents have not been authenticated by Defendants.

At issue in this matter are several documents attached to Defendants' motion to dismiss as evidentiary support that Plaintiffs received all foreclosure notices as required under Nevada law. Defendants argue that these documents are all either public records or referenced in the complaint. In addition, in their Reply (#14), Defendants' counsel filed a declaration in support of the request for judicial notice authenticating the documents attached as exhibits. The following is a list of the documents to be considered for judicial notice:

Exhibit 1: A copy of a Note dated September 19, 2005, signed by Plaintiffs in the original principal amount of $341,250.00.

Exhibit 2: A copy of a Deed of Trust dated September 19, 2005, signed by Plaintiffs and recorded in the Official Records of the Washoe County Recorder as Instrument No. 3282040.

Exhibit 3: A copy of Plaintiffs' Default Forbearance Agreement dated July 15, 2008 and signed by Plaintiffs.

Exhibit 4: A copy of a Substitute of Trustee recorded in the Official Records of the Washoe County Recorder on July 9, 2008 as Instrument No. 3667659.

Exhibit 5: Copies of a Notice of Default recorded in the Official Records of the

Washoe County Recorder's Office on April 2, 2008 as Instrument No. 3636557.

Exhibit 6: Copies of a Notice of Trustee's Sale recorded in the Official Records of the Washoe County Recorder's Office on July 9, 2009 as Instrument No. 3667669, Affidavits of Mailing, Certificate of Posting, and proof of publication.

A court may take judicial notice of certain facts under Federal Rule of Evidence 201 including copies of public records. "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment,' as long as the facts are not subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Here, Exhibits 2, 4, 5 and 6 (which include a Copy of the Deed of Trust, a Copy of a Substitute Trustee, a Notice of Default, and Notice of Trustee's Sale) all bear a file stamp from the Washoe County Recorder's office. As such, these exhibits are part of an official record and proper for judicial notice. Bouyer v. GMAC Mortg., 2009 WL 2877603 *4 at n. 3 (E.D. Cal. 2009). In addition, they have been authenticated by Defendants' counsel.

As to the remaining two exhibits, the Note signed by Plaintiffs in 2005 and the default forbearance agreement, these documents are referenced in the complaint and the Court may consider them in ruling on a motion to dismiss. In addition, they have been authenticated by Defendants' counsel's affidavit.

**C. Analysis**

Following authentication of the documents at issue in this matter, the Court grants Defendants' motion to dismiss because Defendants complied with the non-judicial foreclosure requirements established under Nevada law. NRS 107.080 governs the non-judicial foreclosure process. That statute provides notice requirements that must be satisfied in order for a foreclosure to be valid. First, the statute requires that the trustee or beneficiary execute and record "in the office of the recorder of the county wherein the trust property . . . is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." NRS 107.080(2)(b). Then, after three months have lapsed, the trustee, or other authorized person, shall, "before the making of the sale, give

notice of the time and place thereof by recording the notice of sale" and satisfying three additional notice requirements. These notice requirements include: (1) providing notice to the trustor or any other person entitled to notice pursuant to this section by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor; (2) posting a similar notice for 20 days in three public places in the town where the property is located; and (3) publishing a copy of the notice three times, once each week for 3 consecutive weeks in a newspaper of general circulation. NRS 107.080(4)(a)-(c).

Here, the documents submitted in Defendants' Request for Judicial Notice evidence the fact that Defendants complied with the foregoing notice requirements. Specifically, a Notice of Default was issued and recorded on April 2, 2008. See Request for Judicial Notice (#5) at Exhibit 5. The Notice of Default was mailed, via certified mail, to the property address of record. Id. Following that, a Notice of Sale was issued and recorded over three months later on July 9, 2008. This Notice of Sale was mailed, via certified mail, to the property address of record, was posted at three separate locations, and published in the Reno Gazette-Journal between the dates of July 11, 2008, and July 25, 2008. Id. at Exhibit 6.

Following the recording of the Notice of Sale, the parties entered into a default forbearance agreement on July 15, 2008. That agreement held the foreclosure sale in abeyance "so long as Borrower makes all payments required" under the agreement. See Request for Judicial Notice (#5) at Exhibit 3. That agreement also provided that the foreclosure would not be cancelled "until the successful completion of the terms of the agreement," and that there would be no further demands or notices. Id. When Plaintiffs failed to make the payments under the forbearance agreement, Defendants proceeded with foreclosure.

Based on the foregoing, Defendants are entitled to an order dismissing the wrongful foreclosure claims asserted against them because they complied with the notice requirements set forth under Nevada law. As such, Plaintiffs' claims for relief are

dismissed.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand to State Court (#6) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Complaint (#4) is GRANTED.

DATED: This **26** day of **JANUARY**, 2010.

_____
United States District Judge