# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE P. CHAPMAN, JR. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST CO. et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | 3:09-cv-00228-RCJ-VPC <br><br> **ORDER** |

Plaintiffs sued Defendants in state district court to quiet title to their property when Defendants foreclosed the mortgage. Defendants removed. Plaintiffs moved to remand, and Defendants moved to dismiss. The Court denied the motion to remand, noting that there was subject matter jurisdiction in diversity and disagreeing that there was any separate *in rem* proceeding in the state court implicating the prudential prior exclusive jurisdiction rule. The Court dismissed, finding no defect in foreclosure sufficiently alleged. Plaintiffs appealed. The Court of Appeals certified to the Nevada Supreme Court the question of whether an unlawful detainer action filed in the state justice court was *in rem* or *quasi in rem*. The Nevada Supreme Court answered that it was either one or the other, and the Court of Appeals therefore remanded, instructing that the Court should remand the case to state court if the unlawful detainer action was still pending in state court, and proceed with the case if it were not. The Court ordered the

parties to report as to the status of the unlawful detainer action.

Defendants have adduced a copy of the docket of Case No. CV11-01247, indicating that the state district court involuntarily dismissed the unlawful detainer action on April 29, 2013, and that Defendants voluntarily dismissed on May 21, 2013, both occurring before the Court of Appeals issued its remand order.[1]

Plaintiffs have filed a Motion to Reopen Case (ECF No. 29), wherein they do not allege that the unlawful detainer action remains pending but argue that because diversity jurisdiction is determined as of the date a case is removed, and because the prior exclusive jurisdiction rule prevented jurisdiction here when the case was removed, there can be no jurisdiction now.  The Court disagrees.  Plaintiffs state the time-of-filing rule too broadly and in doing so conflate statutory jurisdiction with prudential jurisdiction rules.  The time-of-filing rule is not a general rule of jurisdiction but applies only to the determination of diversity. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571–72 (2004) ("Th[e] time-of-filing rule . . . measures all challenges to subject-matter jurisdiction *premised upon diversity of citizenship* against the state of facts that existed at the time of filing . . . ." (emphasis added)).  Statutory diversity jurisdiction is determined as of the date of removal. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).  The prior exclusive jurisdiction rule, however, is a prudential rule, *see Sexton v. NDEX West, LLC*, 713 F.3d 533, 536 (9th Cir. 2013), which exists for the purpose of avoiding the undesirable situation where a federal and state court attempt to assert jurisdiction over the same *res* at the same time, *see Wolf v. Dist. Court*, 235 F. 69, 73 (9th Cir. 1916) (citing *Westfeldt v. N.C. Min. Co.*, 166 F. 706, 710 (4th Cir. 1909) (Fuller, J.)).  "The purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert

---

[1] The unlawful detainer action was previously transferred to the state district court from the state justice court.

concurrent control over the res upon which jurisdiction of each depends." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).

To the extent any party has disputed statutory diversity jurisdiction in this case, the Court has rejected those arguments. Where there is statutory jurisdiction, and where the concerns underlying prudential bars to jurisdiction have evaporated, there is no reason for a court to dismiss or remand for lack of jurisdiction.[2] There is no more need for a comity-based abstention from jurisdiction in this case, as it is clear the state court *in rem* or *quasi-in-rem* proceeding has been dismissed. The Court will therefore accept continuing jurisdiction over the case and reaffirms its previous order of dismissal on the merits.

Nor does the Court's acceptance of jurisdiction after disposition of the previous state court proceedings create a new type of "wait and see" jurisdiction, as Plaintiffs argue, whereby a defendant may delay a plaintiff's case. Plaintiffs received a timely adjudication of their case on the merits after the Court timely adjudicated the jurisdictional question. It was Plaintiffs who appealed, as was their right, and the additional delay beyond appeal in this case was due to the certification of a legal question to the Nevada Supreme Court by the Court of Appeals. Appeals and certifications of state law always cause delay, but the Court's resolution of the present issue created none of those delays in this case. It is not as if this Court simply stayed the case here while waiting for the state court case to conclude so that this court could take jurisdiction again, which procedure may or may not violate the prior exclusive jurisdiction rule.

///

///

---

[2]This must be the case. If Plaintiffs' position were the rule—that there could never be jurisdiction in this case because the prior exclusive jurisdiction bar was in place when the case was removed—the Court of Appeals would have simply reversed upon the Nevada Supreme Court's certification. But it did not. It remanded for this Court to determine whether the state court proceeding was still active, clearly implying that the issue is relevant to how this Court should proceed.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reopen Case (ECF No. 29) is GRANTED, and the case is DISMISSED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge